IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SEMBMARINE SSP INC., and JURONG SHIPYARD PTE LTD.** <br><br> **Plaintiffs,** <br><br> v. <br><br> **SEVAN MARINE ASA, SEVAN DRILLING NORTH AMERICA LLC and SEVAN DRILLING LTD.,** <br><br> **Defendants.** | **4:17-cv-2656** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS SEMBMARINE SSP INC. AND JURONG SHIPYARD PTE LTD.'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Sembmarine SSP Inc. ("Sembmarine") and Jurong Shipyard Pte Ltd. ("Jurong") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby bring this Complaint against Defendants Sevan Marine ASA, Sevan Drilling North America LLC, and Seven Drilling Ltd. (collectively, "Defendants"), and allege as follows:

**NATURE OF CLAIMS**

1.  This is an action for patent infringement under 35 U.S.C. § 271 *et seq.* by Plaintiffs against Defendants for infringement of U.S. Patent No. 9,266,587 (attached as **Exhibit A**) (the "'587 Patent"). Plaintiffs assert the '587 Patent against Defendants for unauthorized making, using, offering to sell, selling and/or importing various cylindrical floating production, storage, and offloading (FPSO) vessels and cylindrical floating drilling vessels, including, but not limited to vessels identified as "Sevan Developer" and a scalable Sevan model tested at the Offshore Technology Research Center (OTRC) wave basin facility in College Station, Texas (collectively, "the Accused Products") and/or inducing others to infringe the '587 Patent.

## PARTIES

2. Sembmarine is a corporation organized under the laws of Texas, having its principal place of business at 10300 Town Park Drive, Houston, Texas 77072.

3. Jurong is a shipyard located in Singapore, which builds various sea vessels, including deep sea oil rigs, having its principal place of business at 29 Tanjong Kling Road, Singapore 628054.

4. Upon information and belief, Sevan Drilling North America LLC is a corporation organized under the laws of Texas, having its principal place of business at 11025 Equity Drive, Houston, Texas 77041.

5. Upon information and belief, Sevan Drilling Ltd. is a corporation organized under the laws of Bermuda, having a registered address at Par-la-Ville Place, 14 Par-la-Ville Road, Hamilton HM 08, Bermuda, and an executive office address at Drammensveien 288, N-0283 Oslo, Norway.

6. Upon information and belief, Sevan Marine ASA is a corporation organized under the laws of Norway, having a principal place of business at Kittelsbuktveien 5, 4836 Arendal, Norway.

## JURISDICTION AND VENUE

7. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9. Defendants are subject to personal jurisdiction in this District because Defendants have established minimum contacts with the forum such that the exercise of personal jurisdiction

over Defendants will not offend traditional notions of fair play and substantial justice. Through their activities, Defendants have purposefully availed themselves of the privilege of acting within the State of Texas such that they have received benefits and protections of the state. This Court has personal jurisdiction over Defendants because, on information and belief, this lawsuit arises out of Defendants' infringing activities, including without limitation their making, using, selling, offering to sell and/or importing infringing products within the State of Texas and this district, or inducing to the infringement of others through such acts. This Court also has personal jurisdiction over Defendants because, on information and belief, Defendants have made, used, sold, offered to sell, and/or imported their infringing products (or induced infringement of others through such acts) and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold, offered for sale, and/or imported within the State of Texas and this district. Finally, this Court has personal jurisdiction over Sevan Drilling North America LLC because it is a limited liability company registered under the laws of the State of Texas and has at least one office within the State of Texas and within this district and division.

10. Venue is proper in this district under 35 U.S.C. §§ 1391 and 1400(b).

## GENERAL ALLEGATIONS

11. Sembmarine is the exclusive licensee of rights, title and interest in the '587 Patent in the U.S., including all rights of use, enforcement, and recovery of the '587 Patent.

12. Sembmarine is a marine solutions provider headquartered in Houston, Texas, that specializes in the design, engineering and delivery of innovative floating production and drilling solutions for the marine, oil, and gas industries. As part of its business, Sembmarine provides such solutions to customers such as major oil companies, drilling contractors, shipping

companies, and owners and operators of floating production units.  Sembmarine's products and services are offered throughout the United States and in this district.

13.    Sevan Drilling North America LLC is a drilling contractor headquartered in Houston, Texas, that operates drilling units and offers drilling services in the United States.  On information and belief, Sevan Drilling North America LLC is also known as "Sevan Drilling - USA."  Sevan Drilling North America LLC is a subsidiary of Sevan Drilling Ltd., an international drilling contractor that focuses on deepwater projects.  Through Sevan Drilling North America LLC, Sevan Drilling Ltd. has operated a deepwater drilling unit, the Sevan Louisiana, in the Gulf of Mexico, since 2014.  Another drilling unit owned by Sevan Drilling Ltd., the Sevan Developer, is substantially constructed and is ready for delivery, with Sevan Drilling Ltd. contractually permitted to market the unit until it is delivered.  On information and belief, Cosco (Qidong) Offshore Co. Ltd. in China entered into a contract with Sevan Drilling Ltd. (or its predecessor in interest) to build the Sevan Developer, which was built in China, where it remains.  On information and belief, Sevan Drilling Ltd. has plans to relocate the Sevan Developer to Malaysia and continues to actively market it to potential customers internationally, including clients located in the United States.

14.    Sevan Marine ASA is a company focused on the marine industry that designs, engineers, and executes projects using floating units for offshore applications.  Upon information and belief, Sevan Marine ASA is engaged in a license with Sevan Drilling Ltd. to allow Sevan Drilling Ltd. (and its subsidiaries) to use Sevan Marine ASA's cylindrical hull form design for drilling and production purposes.  Upon information and belief, Sevan Marine ASA's design was used in constructing the Sevan Developer, and Sevan Marine ASA provides instructions and

assistance to Sevan Drilling Ltd. and Sevan Drilling North America LLC in building, maintaining, and operating its drilling and production vessels, including the Sevan Developer.

15. From Sevan Drilling North America LLC's Houston office, Sevan Drilling Ltd. and Sevan Drilling North America LLC design and market for sale infringing vessels such as the Sevan Developer.

16. From the OTRC wave basin facility in College Station, Texas, Seven Marine ASA tests, designs and markets for sale infringing vessels such as the Sevan model located at the facility. Sevan Marine ASA performs tank testing at the OTRC specifically in order to validate its designs that are offered for sale and to show prospective purchasers that such designs will perform as intended within U.S. territorial waters. The OTRC wave basin facility is located at Texas A&M University in College Station, Texas, which falls within this judicial district and division.

17. Defendants have instructed others on the manufacture, use, and sale of the accused Sevan Developer and Sevan model, knowing that such manufacture, use, and sale would constitute infringement of one or more of the claims of each of the '587 Patent. OTRC personnel have used the Sevan model. Cosco (Qidong) Offshore Co. Ltd. personnel and their contractors have manufactured and used the Sevan Developer.

18. On information and belief, Sevan Marine ASA was clearly aware of the nature and extent of Plaintiffs' patent protection due at least to: (i) their attendance and participation at industry conferences in which the entity that developed Plaintiffs' proprietary designs (SSP Technologies Inc.), from whom Plaintiffs acquired the intellectual property, presented its designs and advised that such designs were protected by patents in the U.S. and abroad; and (ii) a series of meetings between senior management of Sevan Marine ASA and the corporate parent

of SSP Technologies Inc. that took place during December 2013, exploring a potential business combination of the two companies in which the nature and extent of the SSP Technologies Inc. patent portfolio were specifically discussed.

19. Defendants committed and continue to commit acts of patent infringement within the United States and in the Southern District of Texas.

## COUNT I: INFRINGEMENT OF THE '587 PATENT

20. Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

21. On February 23, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,266,587 ("'587 Patent"), entitled, "Floating Vessel." The '587 Patent was assigned to Jurong Shipyard Pte Ltd., which licensed the '587 Patent to Sembmarine.

22. Sembmarine is the exclusive licensee of the '587 Patent in the U.S., with all substantive rights, title and interest in and to that patent, including the sole and exclusive right to bring this action and enforce the '587 Patent against infringers, and to collect and recover damages for all relevant times.

23. Defendants, in violation of 35 U.S.C. § 271, have infringed and continue to infringe at least Claims 1, 2, 4, and 6 of the '587 Patent by making, using, offering to sell, selling and/or importing each of the Accused Products. An exemplary claim chart comparing asserted Claim 1 of the '587 Patent to the accused Sevan Developer product is attached as **Exhibit B**. An exemplary claim chart comparing asserted Claim 1 of the '587 Patent to the accused Sevan model product is attached as **Exhibit C**.

24. Defendants do not have a license or permission to use the '587 Patent.

25. As a result of Defendants' infringement of the '587 Patent, Plaintiffs have suffered and continue to suffer damages, in an amount not yet determined, and under 35 U.S.C. § 284, may recover damages adequate to compensate for the infringement of Defendants, which will continue unless this Court enjoins Defendants.

**COUNT II: CONTRIBUTORY/INDUCED INFRINGEMENT OF THE '587 PATENT**

26. Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

27. Defendants, in violation of 35 U.S.C. § 271, have and continue to induce others to infringe at least Claims 1, 2, 4, and 6 of the '587 Patent.

28. Defendants have indirectly infringed and continue to indirectly infringe at least Claims 1, 2, 4, and 6 of the '587 Patent by actively inducing their end-users or customers to directly infringe by using the Accused Products. Defendants engaged in induced infringement having knowledge of the '587 Patent at least prior to service of this Complaint. The '587 Patent claims priority to provisional application no. 61/521,701, which Defendants had knowledge of since at least December 2013. Furthermore, Defendants knew or should have known that its action would induce direct infringement by others and intended that their actions would induce direct infringement by others. As a direct and proximate result of Defendants' indirect infringement of the '587 Patent, Plaintiffs have been and continue to be, damaged and irreparably damaged, which will continue unless this Court enjoins Defendants.

29. Plaintiffs, under 35 U.S.C. § 284, may recover damages adequate to compensate for the infringement of Defendants.

**COUNT III: WILLFUL INFRINGEMENT OF THE '587 PATENT**

30. Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

31. Defendants' infringement of the '587 Patent has been and continues to be deliberate, willful, and knowing. Indeed, Sevan Marine ASA was clearly aware of the nature

and extent of Plaintiffs' patent protection, including the '587 Patent, since at least February 23, 2016, the date that the '587 Patent issued. Upon information and belief, all Defendants were made aware of the '587 Patent as a result of the series of meetings between senior management of Sevan Marine ASA and the corporate parent of SSP Technologies Inc. that took place during December 2013, and based on that knowledge performed deliberate acts that constitute patent infringement. Defendants were also made aware of the '587 Patent and that their acts constitute patent infringement, since at least as early as the filing of this Complaint.

32. Defendants' continued use, offers to sell, and sales of its infringing products constitutes willful and blatant infringement.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury under Federal Rule of Civil Procedure 39 for all issues triable by jury.

## PRAYER FOR RELIEF

Plaintiffs pray for judgment in their favor and against Defendants, as follows:

(a) That Defendants have infringed and/or induced the infringement of one or more claims of the '587 Patent;

(b) That Defendants' infringement has been willful;

(c) That this case be declared an exceptional case under 35 U.S.C. § 285;

(d) That Plaintiffs be awarded damages adequate to compensate them for Defendants' infringement of each claim of the '587 Patent, including lost profits, but in no event less than a reasonable royalty;

(e) That Plaintiffs' damages be trebled;

(f) That Plaintiffs be awarded their attorney's fees and costs;

(g) That this Court enjoin Defendants, their officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with Defendants, or any of them, from further infringement of each claim of the '587 Patent;

(h) That Plaintiffs be awarded pre- and post-judgment interest on all damages;

(i) That Plaintiffs be awarded all their costs and expenses in this action; and

(j) Such further and other relief as the Court may deem just and proper.

Respectfully submitted,

DENTONS US, LLP

Dated: September 1, 2017

By: /s/ Heather M. Khassian
Heather M. Khassian (Bar No. 24045902)
DENTONS US LLP
LyondellBasell Tower
1221 McKinney Street
Suite 1900
Houston, TX  77010
Telephone: (713) 658-4600
Facsimile: (713) 739-0834
Email: heather.khassian@dentons.com

*Attorneys for Plaintiffs Sembmarine Marine Ltd. and Jurong Shipyard Pte Ltd.*

OF COUNSEL

Mark L. Hogge
Shailendra K. Maheshwari
Rajesh C. Noronha
Derek A. Auito
DENTONS US LLP
1900 K St., NW
Washington, DC  20006

Telephone: (202) 496-7500
Facsimile: (202) 496-7756
Email: mark.hogge@dentons.com
Email: shailendra.maheshwari@dentons.com
Email: rajesh.noronha@dentons.com
Email: derek.auito@dentons.com